The opinion of the court .was delivered by
McEnery, J.
The defendant was indicted, tried and convicted under Sec. 795 of the Revised Statutes, as amended by Act No. 24 ■of 1882.
He filed a motion in arrest of judgment as follows: “ That the intent to commit, which is the essence of the offence charged, is not laid as having been wilful, felonious and with malice aforethought as .required by law.”
The indictment charges the offence as follows: “ That one Thomas Hunter, late of the parish of St. John the Baptist, on or about the 23d day of March, in the year of our Lord one thousand eight hundred and ninety, with force and arms, in the parish of St. John the Baptist aforesaid, and within the jurisdiction of the Twenty-Sixth Judicial District Court of Louisiana, in and for the parish of St. John the Baptist aforesaid, did feloniously, wilfully and of malice aforethought, whilst lying in wait with a dangerous weapon, to-wit, a shot gun, wilfully shoot one Alexander Davant, with the felonious intent then and there and thereby to kill and murder him, the said Alexander Davant, contrary to the form of the statute of the State of Louisiana, in such case made and provided, and against the peace and dignity of the State.”
This charge and description of the offence in the indictment is amply sufficient. State vs. Humphries, 35 An. 966.
The accused contends that, after the description of the offence in the first part of the charge, it is qualified and restricted after the description of the weapon used, to a wilful and felonious intent, omitting the words with malice aforethought. These words — wilful ■and felonious — could -with propriety have been omitted from that *816 portion of the indictment. It was unnecessary to use them, and' they are mere surplusage. Omitted from the indictment, the charge will read: * * * “ did feloniously, wilfully, and of malice aforethought, whilst lying in wait with a dangerous weapon, to-wit,, a shot gun, shoot one Alexander Davant, with the intent then and there and thereby to kill and murder him, the said Alexander Davant,” etc. This charge is identical with that in the case of State vs. Humphries referred to.
Judgment affirmed.